USCA1 Opinion

 

 December 11, 1992 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-2391 IN RE: WILLIS FURNITURE COMPANY, INC., Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Joseph L. Tauro, U.S. District Judge] ___________________ ____________________ Before Selya, Cyr and Boudin, Circuit Judges. ______________ ____________________ Andrew M. Corwin and Eskenas, Schlossberg & Kaplan, P.C. on brief ________________ ____________________________________ for appellant. Leonard M. Krulewich and Leonard M. Krulewich & Associates on _____________________ ____________________________________ Emergency Motion for an Expedited Hearing, or in the Alternative, for an Expedited Decision on Briefs Alone, for the Unofficial Creditors Committee of Willis Furniture Company, Inc. ____________________ ____________________ Per Curiam. Debtor contends that the bankruptcy __________ court order authorizing debtor's cash raising sale, but forbidding the sale to be advertised as a "Bankruptcy Sale," "Chapter 11 Bankruptcy Sale," or words of similar import if merchandise being sold is not part of debtor's present inventory precludes truthful advertising and thereby violates debtor's First Amendment rights. We disagree. The arrangement debtor described with ZLI permits debtor to serve in large measure as a conduit through which ZLI may sell new inventory, financed by ZLI, utilizing debtor's premises and goodwill. To refer to such a sale as debtor's chapter 11 bankruptcy sale, when inventory is furnished on a consignment basis by a solvent company not under the pressure of chapter 11 to raise funds, is misleading. Misleading or deceptive advertising is not protected by the First Amendment. Friedman v. Rogers, 440 ________ ______ U.S. 1, 13-16 (1979). Debtor contends that the advertising prohibition is broader than necessary since a narrower prohibition -- such as a requirement that debtor disclose the existence of new inventory brought into the sale -- would suffice. So far as the excerpts of the record debtor has presented show, debtor never argued below that a narrower prohibition allowing debtor both to explain that it was in chapter 11 and to disclose accurately the circumstances of its argument with ZLI should be permitted. Rather, in moving for reconsideration, debtor pointed to another company's advertisement containing the words "chapter 11 bankruptcy sale" and contended it was unfair not to allow debtor to advertise in the same manner. We will not consider debtor's rather undeveloped argument, presented (so far as appears) for the first time on appeal. Nothing in this opinion, however, precludes debtor from seeking to modify the November 16, 1992 order and explaining to the bankruptcy court how debtor could frame an accurate advertisement containing the words "bankruptcy sale" or "chapter 11 bankruptcy sale" which also discloses the relevant aspects of debtor's arrangement with ZLI. Affirmed. ________ -3-